# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL A. FISHER,                                    Case No. 1:06-CV-559
      Plaintiff

      vs

OHIO DEPT. OF REHABILITATION
AND CORRECTION, et al.,                    **ORDER**
      Defendants                                (Dlott, J.; Hogan, M.J.)

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) and former inmate at the Warren Correctional Institution (WCI), brings this prisoner civil rights action under 42 U.S.C. § 1983.  Defendants are the Ohio Department of Rehabilitation and Correction (ODRC), Reginald Wilkinson, the former ODRC director, WCI corrections officers Morgan Spencer, Mitchell Miller, and Roman Mulligan, WCI Nurse S. Wolf, and WCI Dr. James McWeeney.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the amended complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint alleges that on September 20, 2005, corrections officers Miller and Spencer beat him without provocation.  Following the alleged beating, plaintiff, who has a history of open heart surgery, was lying on the floor.  Plaintiff began experiencing chest pain and advised Officer Mulligan he needed to take Nitroglycerin.  Plaintiff states that Officer Mulligan reached into plaintiff's shirt pocket and, according to attachments to the complaint, administered ten Nitroglycerin tablets instead of the correct dosage of two tablets to plaintiff.  Plaintiff alleges that Mulligan was not authorized to dispense medication and that Mulligan ultimately administered an overdose of medication.

Thereafter, plaintiff was taken to the prison infirmary.  He alleges he was examined for his chest pain, but not examined for a head injury and complaints of dizziness despite his specific complaints to Nurse Wolf.  On September 22, 2005, plaintiff was seen by Dr. McWeeney who refused to examine plaintiff's head injury or chart his complaints of dizziness. Finally, plaintiff alleges that Director Wilkinson was negligent in his duty to provide a safe

prison environment.[1]

Plaintiff's complaint states a claim for relief under the Eighth Amendment for an excessive use of force against defendants Miller and Spencer and may proceed. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995), *cert. denied*, 115 S.Ct. 2269 (1995).

Plaintiff's complaint, liberally construed, also states a claim for relief for deliberate indifference to serious medical needs against defendants Mulligan, Wolf and McWeeney. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, plaintiff's Eighth Amendment claims against these defendants may also proceed.

However, plaintiff's complaint against the Ohio Department of Rehabilitation and Correction fails to state a claim for relief under section 1983. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Furthermore, plaintiff's complaint against the ODRC is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Eleventh Amendment proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984), *overruled in part on other grounds by Will*, 491 U.S. 58. The ODRC is a state agency and therefore immune from a suit for damages under the Eleventh Amendment, *see Turker v. Ohio Dept. of Rehabilitation and Corrections,* 157 F.3d 453 (6th Cir. 1998), as well as injunctive relief. *Pennhurst*, 465 U.S. at

---

[1] Although the complaint fails to allege the relief plaintiff is seeking, it appears that the last page of the form complaint is missing. Because plaintiff is proceeding pro se, the Court shall permit plaintiff to file a supplement to his complaint to allege the relief he seeks in this matter.

100; *Alabama v. Pugh,* 438 U.S. at 782; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Therefore, plaintiff's complaint against the ODRC is dismissed. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Finally, plaintiff's complaint against defendant Wilkinson fails to state a claim for relief under § 1983.  Plaintiff fails to allege any direct participation by defendant Wilkinson in any of the alleged misconduct on the part of the other defendants in this matter.  Plaintiff has named former Director Wilkinson as a defendant because of the supervisory position he held over the prison.  However, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability on defendant Wilkinson.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993). Therefore, the complaint against defendant Wilkinson is dismissed.

In sum, the complaint against defendants ODRC and Wilkinson is **DISMISSED** with prejudice.  The complaint against defendants Miller, Spencer, Mulligan, Wolf and McWeeney may proceed.

Within **thirty (30) days** of receipt of this order, plaintiff is ordered to submit a summons form and copy of the complaint for defendants Miller, Spencer, Mulligan, Wolf and McWeeney so that these defendants may be served with process in this case.   The Clerk of Court is **DIRECTED** to send to plaintiff five summons forms and a copy of his complaint for this purpose.  Upon receipt of the completed summons forms and copies of the complaint from plaintiff, the Court shall order service of process by the United States Marshal in this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*,

4

114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

                          S/Susan J. Dlott
                         Susan J. Dlott, Judge
                         United States District Court