## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Michael A. Fisher,
    Plaintiff

                          Case No. 1:06-cv-559

vs

Ohio Department of Rehabilitation     **REPORT AND RECOMMENDATION**
and Correction, et. al.,                     (Dlott, J.; Hogan, M.J.)
    Defendants

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 15), and Plaintiff's Answer to Defendant's Motion to Dismiss Plaintiff's Case (Doc. 22).

### BACKGROUND

Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against Defendants WCI corrections officers Morgan Spencer, Mitchell Miller, and Roman Mulligan; WCI nurse S. Wolf; and WCI physician Dr. James McWeeney. Plaintiff was, at the time relevant to the underlying events alleged in his Complaint, housed at Warren Correctional Institution ("WCI") in Lebanon, Ohio. Plaintiff alleges that he was involved in a use of force incident on September 20, 2005 and also contends that the medical care he received at the time of, and immediately subsequent to, the incident was inadequate. Plaintiff contends that he was denied medical care with respect to his head injury and was improperly administered nitroglycerin pills by a corrections officer. (Doc. 2, Complaint).

With respect to Plaintiff's use of force claim, Plaintiff filed an informal complaint on December 28, 2006. (Doc. 22, Ex. 1-K). On January 25, 2007, Plaintiff filed a Notice of Grievance stating that he had not received an answer in response to his informal complaint and requesting that something be done about the matter. (Id. at Ex. 1-L). Thereafter, on February 5, 2007, Plaintiff's grievance was denied for failure to follow inmate grievance procedure. (Id. at

Ex. 1-M).[1]

On October 17, 2005, Plaintiff filed an informal complaint regarding his medical claim. (Doc. 22, Ex. 1-E). When the Health Care Administrator found no evidence of neglect in response to Plaintiff's informal complaint, Plaintiff filed a Notice of Grievance on October 27, 2005. (Id. at Ex. 1-C). Plaintiff's grievance was subsequently denied on November 9, 2005. (Id. at Ex. 1-D). Plaintiff then filed an Appeal to the Chief Inspector on November 17, 2005 (Id. at Ex. 1-B). Finally, on December 9, 2005, the Assistant Chief Inspector issued a decision affirming the decision of the Inspector, denying Plaintiff's appeal. (Id. at Ex. 1-A).

Defendants, in their Motion to Dismiss, argue that Plaintiff has failed to exhaust his administrative remedies against each of these Defendants prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Defendants argue that Plaintiff has failed to file an Appeal to the Chief Inspector with respect to his use of force claim and has failed to specifically identify the individuals against whom he was filing or appealing grievances.

## OPINION

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the [counterclaim] plaintiff, accept all factual allegations as true, and determine whether the [counterclaim] plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.)(citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993), *cert. denied*, 117 S.Ct. 510 (1996); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Barrett v. Harrington*, 130 F.3d 246 (6th Cir. 1997), *cert. denied*, 523 U.S. 1075 (1998)("In considering a motion to dismiss for failure to state a claim, the Court is required to take as true all factual allegations in the complaint."); *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1025 (6th Cir. 1990), *cert. denied*, 498 U.S. 1086 (1991). However, the Court need not accept as true a legal conclusion couched as a factual allegation or unwarranted factual inferences. *Papasan v. Allain*,

---

[1] It appears that Plaintiff also filed a grievance on January 6, 2006, requesting to be personally interviewed by the use of force committee and requesting a response to a previous grievance. (Doc. 22, Ex. J). The disposition of grievance dated February 17, 2006 appears to grant this grievance. (Id. at Ex K).

478 U.S. 265, 286 (1986); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998); *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). *See also Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998).

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is undisputed that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock,* 127 S.Ct. 910, 918-19 (2007)(citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002)). However, the Supreme Court in *Jones,* has recently concluded that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones,* 127 S.Ct. at 921. Moreover, the Supreme Court has held that nothing in the PLRA "imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's rule in *Burton v. Jones,* 321 F.3d 569, 575 (2003). As such, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 923.

Finally, the Supreme Court has held that the PLRA does not require dismissal of the entire complaint when an inmate has failed to exhaust some, but not all, of the claims included in the complaint. *Id.* at 923-26 *abrogating Jones Bey v. Johnson,* 407 F.3d 801, 806 (6th Cir. 2005)(holding that the PLRA requires total exhaustion). Thus, when a prisoner files a civil-rights complaint containing exhausted and unexhausted claims, the prisoner can proceed with his exhausted claims despite the dismissal of his unexhausted claims for failure to exhaust." *Owens v. Keeling,* 461 F.3d 763 (6th Cir. 2006) (citing *Spencer v. Bouchard,* 449 F.3d 721, 726 (6th Cir. 2006); *Burton v. Jones,* 321 F.3d 569, 574 n. 2 (6th Cir. 2003); *Hartsfield v. Vidor,* 199 F.3d 305, 309-10 (6th Cir. 1999)). *See also Bell v. Konteh,* 450 F.3d 651, 654 (6th Cir. 2006). Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. "When a prisoner's

complaint contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed." *Bell*, 450 F.3d at 654 (citing *Spencer*, 449 F.3d at 726; *Burton*, 321 F.3d at 574 n. 2; *Hartsfield*, 199 F.3d at 309-10).

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services. First, an inmate initiates the grievance procedure by filing an informal complaint with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. Ohio Admin. Code § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction. Ohio Admin. Code § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the Chief Inspector, and the Chief Inspector's decision is final. Ohio Admin. Code § 5120-9-31(L).

In the instant case, Plaintiff has sued three corrections officers, a WCI nurse and WCI physician. Defendants argue that the only claim for which Plaintiff has exhausted his administrative remedies through appeal to the Chief Inspector is his claim concerning his medical care. (*See* Doc. 15, Exs. 1-A, 1-B). Plaintiff claims that he exhausted the administrative grievance procedure prior to filing his Complaint, but has failed to offer evidence in support of such. Plaintiff has attached several documents to both his Complaint and responsive memorandum allegedly supporting his exhaustion argument. However, many of the supporting documents are not part of the administrative grievance process, but rather part of a disciplinary action with respect to the altercation between Plaintiff and a corrections officer. (*See* Doc. Complaint, Exs. A, B, C, G, H, I, M, N, Q, R, S; Doc.22. Exs. 1-O, 1-H, 1-I, 1-G, H, 2-C, R, Q, S). An internal investigation by an institution's use of force committee or an investigation by the State Highway Patrol will not substitute for exhaustion through the prison's administrative grievance procedure under Ohio Admin. Code § 5120-9-31. *See Curry v. Scott*, 249 F.3d 493,

504-05 (6th Cir. 2001); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In response to Defendants' Motion to Dismiss, Plaintiff has submitted a copy of his Appeal to the Chief Inspector concerning his use of force claim. (Doc. 22, Ex. 1-N). However, Plaintiff's Appeal to the Chief Inspector was dated February 9, 2007, postdating the filing of Plaintiff's Complaint. Thus, Plaintiff had clearly not exhausted his administrative remedies with respect to his use of force claim prior to filing the present action. As such, Plaintiff's use of force claim must be dismissed without prejudice.[2]

Additionally, Defendants argue that, because Plaintiff failed to specifically identify the individuals against whom he was filing or appealing throughout the grievance process, he has failed to satisfy the administrative exhaustion requirement. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *see also Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003). However, as noted above, the Supreme Court has determined that such failure does not necessarily constitute a failure to exhaust. *See Jones*, 127 S.Ct. at 923. The three-step grievance process set forth in O.A.C. § 5120-9-31 contains no specific requirement that an inmate name a specific individual in the grievance. O.A.C. §§ 5120-9-31(A) and (J). Thus, Plaintiff was not required to specifically name Defendants in his grievance in order to exhaust his administrative remedies. Accordingly, Defendants' argument on this point is not well taken and we find that Plaintiff's failure to identify the named Defendants in his grievance regarding his medical care does not constitute a failure to exhaust his administrative remedies with regard to such claim.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendants' Motion to Dismiss (Doc. 15) be GRANTED with respect to Plaintiff's use of force claim.

2) Plaintiff's use of force claim be DISMISSED without prejudice to refiling after Plaintiff has shown he has exhausted the available prison administrative remedy

---

[2] We note also that Plaintiff's grievance with respect to his use of force claim was denied due to Plaintiff's failure to comply with the inmate grievance procedure, that is, his informal complaint and grievance were not filed within the deadlines established by the grievance policy. (Doc. 22, Exs. 1-K, 1-L, 1-M) Consequently, Plaintiff has not properly exhausted his administrative remedies with respect to his use of force claim based on his failure to comply with applicable agency deadlines. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006); *Tate v. Williams*, No. 2:06-cv-0047, 2007 WL 781657 at *2-3 (S.D Ohio March 12, 2007)

set forth in Ohio Admin. Code § 5120-9-31 with respect to said claim.

3) Defendants' Motion to Dismiss (Doc. 15) be DENIED with respect to Plaintiff's medical claim.

Date: 8/29/07

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLF\prisoner1983\Fisher\dismiss exhaust.wpd

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Michael Fisher
# 430-661
SOCF
PO Box 45699
Lucasville, OH 45699

4a. Article Number
7002 0860 0000 1409 2269

4b. Service Type
☐ Registered        ☐ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X

PS Form **3811**, December 1994    102595-97-B-0179    Domestic Return Receipt

1:06cv559 Doc.27