# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Michael A. Fisher,
    Plaintiff

                                Case No. 1:06-cv-559

    vs

Ohio Department of Rehabilitation     **REPORT AND RECOMMENDATION**
and Correction, et. al.,     (Dlott, J.; Hogan, M.J.)
    Defendants

    This matter is before the Court on Plaintiff's Motion to Have His Injunctive Relief Granted, to be Moved from Southern Ohio Correctional Facility. (Doc. 24), and Defendants' Memorandum in Opposition to Plaintiff's Motion to Have His Injunctive Relief Granted, to be Moved from Southern Ohio Correctional Facility (Doc. 25).

    In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
> 3. Whether an injunction will cause others to suffer substantial harm; and
> 4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*,

228 F.3d at 739.

The Court finds that Plaintiff has neither alleged facts, nor submitted evidence, warranting an immediate injunction in this matter. Plaintiff has made no attempt to apply the above factors to his situation. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claim, or that he will suffer irreparable harm absent an immediate injunction.

Moreover, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). Plaintiff's motion is premised on claims that medical care at Southern Ohio Correctional Facility is being denied to him with regard to his migraine headaches. This claim is separate from the medical claims raised in his Complaint. Assertions that officials have mishandled his mail do not support the issuance of an injunction in this matter.

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion (Doc. 24) be DENIED.

Date  8/30/2007                             s/Timothy S. Hogan
                                            Timothy S. Hogan
                                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\prisoner1983\Fisher\injunction.wpd

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☒ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

3. Article Addressed to:
Michael Fisher
#430-661
SOCF
P.O. Box 45699
Lucasville, OH 45699

4a. Article Number
7002 0860 0000 1409 2276

4b. Service Type
☒ Registered  ☐ Certified
☐ Express Mail  ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X

PS Form **3811**, December 1994    102595-97-B-0179    Domestic Return Receipt

1: 06cv559
Doc. 28