UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael A. Fisher,
Plaintiff

Case No. 1:06-cv-559

vs

Ohio Department of Rehabilitation
and Correction, et. al.,
Defendants

**REPORT AND RECOMMENDATION**
(Dlott, J.; Hogan, M.J.)

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 79), Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. 84) and Defendants' Reply thereto (Doc. 91).

## BACKGROUND

Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against Defendants WCI corrections officers Morgan Spencer and Mitchell Miller.[1] Plaintiff was, at the time relevant to the underlying events alleged in his Complaint, housed at Warren Correctional Institution ("WCI") in Lebanon, Ohio. Plaintiff alleges that he was involved in a use of force incident on September 20, 2005.

With respect to Plaintiff's use of force claim, Plaintiff filed an informal complaint on December 28, 2006. (Doc. 84, Ex. E). On January 25, 2007, Plaintiff filed a Notice of Grievance stating that he had not received an answer in response to his informal complaint and requesting that "something be done about the matter." (Id. at Ex. F). Thereafter, on February 5, 2007, Plaintiff's grievance was denied for failure to follow inmate grievance procedure. (Doc. 79, Ex. 2, Chief Inspector's File, Disposition of Grievance dated 2/5/07).

Plaintiff also filed a grievance on January 6, 2006, requesting to be personally interviewed by the use of force committee and requesting a response to a previous grievance. (Doc. 84, Ex. B). On February 17, 2006, Plaintiff's grievance was granted. (Id. at Ex. C). Specifically, it was determined that WCI failed to comply with A.R. 5120-9-02 based on the lack of documented extensions granted to the use of force committee by WCI's warden. (Id.).

---

[1] On August 27, 2008, the parties stipulated to the dismissal of Plaintiff's medical claims against Defendants Roman Mulligan, S, Wolf, R.N. and James McWeeney, M.D. (*See* Doc. 85). Thus, the only claim remaining is Plaintiff's claim for excessive use of force against Defendants Spencer and Miller.

On November 14, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies on his use of force claim. (Doc. 15). On August 30, 2007, the undersigned issued a Report and Recommendation that Plaintiff's use of force claim be dismissed for failure to exhaust his administrative remedies. (*See* Doc. 27). Thereafter, on November 30, 2007, the Court issued an Order adopting the Report and Recommendation and dismissing Plaintiff's use of force claim. (*See*, Doc. 40). Following the appointment of counsel, Plaintiff filed an Amended Complaint resurrecting his claims for excessive use of force in violation of 42 U.S.C. § 1983. (*See* Docs. 67; 95). On July 21, 2008, Defendants filed a Motion for Summary Judgment renewing their argument that Plaintiff has not exhausted his administrative remedies and that his Amended Complaint should, therefore be dismissed. On November 4, 2008, oral argument was heard on Defendants motion. For the reasons which follow, the Court finds that Plaintiff has failed to exhaust his administrative remedies and therefore, his Complaint should be dismissed against Defendants Spencer and Miller.

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for

2

the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Id.* at 520. Furthermore, the exhaustion requirement applies to claims of excessive force, *Porter,* 534 U.S. 516 (2002); *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999), and where plaintiff seeks only monetary relief. *See Booth v. Churner*, 121 S.Ct. 1819 (2001); *Wyatt v. Leonard,* 193 F.3d 876 (6th Cir. 1999). Proper exhaustion requires that prisoners complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock,* 549 U.S. 199, 217-18 (2007); *Woodford v. Ngo,* 548 U.S. 81, 90 (2006).

The administrative grievance procedure for Ohio inmates is set forth in Ohio Admin. Code § 5120-9-31. Inmates should first attempt to resolve their grievances informally by contacting the responsible staff member in person or in writing. If the matter is not resolved, inmates may file a formal grievance with the inspector of institutional services who shall investigate the grievance. Ohio Admin. Code § 5120-9-31(F). The inspector of institutional services must maintain a written record of his investigations as well as his conclusions and recommendations or actions on the grievance. Ohio Admin. Code § 5120-9-31(H)(4). If a grievance is not resolved by the institutional inspector within fifteen working days, inmates are entitled to file their grievance directly with the chief inspector of the Ohio Department of Rehabilitation and Correction (ODRC). Ohio Admin. Code § 5120-9-31(H)(5). If inmates are dissatisfied with the resolution of their grievance by the institutional inspector, they may appeal in writing to the chief inspector upon a form provided for that purpose within five working days. Ohio Admin. Code § 5120-9-31(H)(8). The chief inspector shall notify inmates of the decision on appeal within twenty days. *Id.*

Plaintiff argues that his first attempt to file an informal complaint regarding his excessive use of force claim was on December 12, 2005 when he sent a "kite" to J.A. Goodman, a local supervisor at SOCF. (Doc. 84, Ex. A). We find Plaintiff's argument that he somehow thought this was a sufficient substitute for an informal complaint lacks to be highly suspect given that he was able to successfully initiate the grievance process regarding his medical claim. (Doc. 2, Ex. T). A kite is an instrument of internal mail between prisoners and staff members. It is not an Informal Complaint as provided for in the grievance procedure. Ohio Admin. Code 5120-9-31. Moreover, the kite was sent on December 12, 2005, nearly three months following the alleged excessive use of force. Pursuant to Ohio Administrative Code § 5120-9-31, the first step of the grievance procedure is for an inmate to file an Informal Complaint within fourteen days following the event from which the grievance arises. The altercation between Plaintiff and Defendants Spencer and Miller occurred on September 20, 2005. Thus, even if Plaintiff's kite could be construed as a proper substitute for an Informal Complaint, it was untimely. As such,

Plaintiff failed to comply with the applicable administrative deadlines and thus, failed to exhaust his available administrative remedies.

Plaintiff further argues that ODRC granted Plaintiff's initial use of force grievance (No. 01-06-012), which exhausted his administrative remedies. Plaintiff contends that in addition to grieving the Use of Force Committee's failure to follow the administrative regulations and to timely interview him, Plaintiff was grieving the excessive use of force itself. Defendants, in turn, argue that Plaintiff's grievance concerned only the Use of Force Committee's failure to interview him. In describing the alleged mistreatment or misconduct, a prisoner is not required to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient that a prisoner's Step I problem statement give prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the claim made against a defendant. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003); *cf. Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (holding that when state grievance rules do not prescribe the contents of a grievance or the necessary degree of factual particularity, a grievant need only "object intelligibly to some asserted shortcoming" and need not "lay out facts, articulate legal theories, or demand particular relief"). The only reference made to the altercation between Plaintiff and Defendants is Plaintiff's introductory statement that "I was 'beaten' by two correctional officers on September 29, 2005." The remainder of Plaintiff's Notification of Grievance details the Use of Force Committee's failure to interview him and his request for such. Assuming, for purposes of the present motion, that Plaintiff's statement is sufficient to give Defendants notice, and that a kite is an appropriate means of initiating such grievance, the fact remains that Plaintiff initiated the grievance more than fourteen days following the alleged excessive use of force. Thus, as stated above, Plaintiff failed to comply with the applicable administrative deadlines and failed to properly exhaust his administrative remedies.

Additionally, we find Plaintiff's claim that his grievance was granted which, in turn, caused him to understand that the prison would address his substantive allegations to be tenuous at best. The Inspector specifically found that the Use of Force Committee failed to comply with Administrative Rule 5120-9-02 by failing to interview Plaintiff and witnesses within twenty working days of the date the matter was referred to the committee. However, the only remedy requested by Plaintiff was that he be interviewed by the Use of Force Committee. Thus, in granting the grievance, the Inspector of Institutional Services noted that Plaintiff's requested remedy was granted during the pendency of his grievance, and was, therefore, moot. The Inspector specifically stated that "[t]his office will take no further action regarding this matter." If Plaintiff was expecting some further "enforcement of the awarded remedy," the Inspector's words should have dispelled any such an expectation. The "awarded remedy" was clearly an interview by the Use of Force Committee and Plaintiff received such a interview, albeit in an untimely manner. We find that, even when viewed in a light most favorable to Plaintiff, reasonable minds could not conclude that a substantive excessive force claim was addressed by the February 17, 2006 Grievance Decision. Thus, we find Plaintiff's argument on this point to be without merit.

4

Plaintiff next argues that Plaintiff's administrative remedies were exhausted when prison officials failed to timely respond to his grievance. *See Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 966 (6th Cir. 2004)("Administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."). In Boyd, plaintiff argued that he "wrote on . . .his grievance to the effect that he had been assaulted by the officers; that he had been denied medical attention; and that he desired to contact Wisconsin officials." *Id.* at 996. Plaintiff received no response to his grievance and the Sixth Circuit held that plaintiff's allegation that he had filed a grievance and received no response was sufficient to establish that he had exhausted his administrative remedies. *Id.* at 966-67. While we agree that the more likely scenario is that prison officials did not construe Plaintiff's grievance as one stating a substantive use of force claim, rather than simply ignoring such, we find that any failure to respond is irrelevant because Plaintiff's grievance was not a "properly filed" grievance. Plaintiff was required to initiate the grievance process with respect to his use of force claim within fourteen days of the alleged incident. He failed to do so. As such, even if the Inspector had construed Plaintiff's 1/27/06 grievance as containing a substantive component, such a claim would have been denied as untimely under Ohio Administrative Code § 5120-9-31. For this reason, we find Plaintiff's argument on this point to be without merit.

Lastly, Plaintiff argues that even if the Court finds that he did not exhaust his administrative remedies, he exhausted such prior to the filing of his Third Amended Complaint via the grievance initiated on December 12, 2005. This argument has been specifically rejected by the Sixth Circuit. *See Cox v. Mayer,* 332 F.3d 422, 428 (6th Cir. 2003)(an inmate's failure to exhaust cannot be cured by serving supplemental pleadings pursuant to Fed. R. Civ. P. 15(d), because a procedural rule cannot overrule the substantive rule of exhaustion required by the P.L.R.A.); *see also Arbuckle v. Bouchard,* 92 Fed. Appx. 289, 291 (6th Cir. 2004)(citing *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002)(holding that a prisoner cannot amend his complaint to cure a failure to exhaust administrative remedies))[2].

While the underlying premise of Plaintiff's argument is that he was confused as to the required procedure, such alleged confusion is belied by the fact that Plaintiff successfully grieved his medical claim arising from the September 20, 2005 incident.

For the reasons stated above, we find that Plaintiff has failed to exhaust his administrative remedies with respect to his excessive use of force claim.

**IT IS THEREFORE RECOMMENDED THAT**

1)   Defendants' Motion for Summary Judgment (Doc. 79) be GRANTED;

---

[2] Despite the Supreme Court's ruling that failure to exhaust is an affirmative defense, *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007), the Sixth Circuit's holding in *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), that Plaintiff may not amend his current complaint to cure a failure to exhaust, remains valid.

5

2) Plaintiff's Amended Complaint be DISMISSED and this case be TERMINATED upon the Court's docket.

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date 3/17/04

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\LES\prisoner1983\Fisher\msj.wpd

6